APR 0 8 2021

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10    JD BOLS, et al.,                    Case No.:  20-cv-873-BEN (BLM)

11                          Plaintiffs,   **ORDER (1) DENYING MOTION**
                                          **FOR RECONSIDERATION; and**
12    v.                                  **(2) DENYING MOTION FOR**
                                          **INTERLOCUTORY APPEAL**
13    GAVIN NEWSOM, in his official
      capacity as Governor of California, et al.,
14                                        **[Doc. Nos. 80, 81]**
                          Defendants.
15

16          This matter comes before the Court on two motions related to the Court's recent

17   order denying Defendants' Motions to Dismiss.  *See* Order, ECF No. 74.  First, the State

18   Defendants filed a Motion for Reconsideration, asking the Court to revisit that order.

19   Mot., ECF No. 80.  Second, the County Defendants filed a Motion for Interlocutory

20   Review.  Mot., ECF No. 81.  As set forth below, both motions are **DENIED**.

21   **I.      BACKGROUND**

22          A more detailed factual summary of this case can be found in the Court's previous

23   order denying Defendants' Motions to Dismiss.  *See* Order, ECF No. 74, 2-3.  As relevant

24   here, the State Defendants argue the Court should reconsider its ruling on their Motion to

25   Dismiss because the Court allegedly committed "clear error."  Mot., ECF No. 80, 1.  In

26   the alternative, the State Defendants ask the Court to certify its order denying

27   Defendants' Motion to Dismiss for interlocutory appeal.  *Id.*  The State Defendants argue

28   the appeal would concern a controlling question of law, raises a substantial ground for

1

1   difference of opinion, and will materially advance the ultimate termination of litigation.

2   *Id.* at 12-17.

3       Meanwhile, the County Defendants seek an order certifying the following

4   questions for interlocutory appeal:

> 1) Does Rule Does Rule 8 requires plaintiff to allege facts
> supporting each element of his claim, including ownership of
> property within the *unincorporated* areas of the County of San
> Diego?
>
> 2) Does the Eleventh Amendment bar suit against local
> officials, when such officials (i) adopt or incorporate state law
> without modification, and (ii) the state does not authorize
> counties to relax the requirements of state law?

11   Mot., ECF No. 81, 2.  Plaintiffs oppose these motions, arguing Defendants "merely

12   reiterate the same arguments they made in their failed Motion[s] to Dismiss."  Opp'n,

13   ECF No. 82, 2.

14   **II.   LEGAL STANDARDS**

15       **A.   Motion for Reconsideration**

16       Although the Federal Rules of Civil Procedure do not expressly authorize a motion

17   for reconsideration, "[a] district court has the inherent power to reconsider and modify its

18   interlocutory orders prior to the entry of judgment."  *United States v. LoRusso*, 695 F.2d

19   45, 53 (2d Cir. 1982).  Nevertheless, "[a] motion for reconsideration should not be

20   granted, absent highly unusual circumstances, unless the district court is presented with

21   newly discovered evidence, committed clear error, or if there is an intervening change in

22   the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

23   F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656,

24   665 (9th Cir.1999)).  A motion for reconsideration "may *not* be used to raise arguments

25   or present evidence for the first time when they could reasonably have been raised earlier

26   in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

27   2000).  Moreover, motions to reconsider are not a platform to relitigate arguments and

28   facts previously considered and rejected.  *See Harrison v. Sofamor/Danek Grp., Inc.*,

2

1   Case No. 94-cv-0692-K, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998).

2          **B.     Interlocutory Appeal**

3          Under 28 U.S.C. § 1292(b), a party may move a district court to certify an

4   "otherwise [un]appealable" order for interlocutory review.  In order to certify an order for

5   appeal, the court must find that "such order involves a controlling question of law as to

6   which there is substantial ground for difference of opinion and that an immediate appeal

7   from the order may materially advance the ultimate termination of the litigation." 28

8   U.S.C. § 1292(b).  The moving party bears the burden of demonstrating these

9   prerequisites, *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010), and that burden

10  is a heavy one. "Section 1292(b) is a departure from the normal rule that only final

11  judgments are appealable, and therefore must be construed narrowly." *James v. Price*

12  *Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  The Ninth Circuit has

13  stressed that § 1292(b) is to be applied sparingly and only in exceptional situations in

14  which an interlocutory appeal would help avoid protracted and expensive litigation. *In re*

15  *Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982).

16  **III.   DISCUSSION**

17         As set forth below, the Court denies both the State Defendants' Motion for

18  Reconsideration and the County Defendants' Motion for Interlocutory Review.

19         **A.     Motion for Reconsideration**

20         The State Defendants argue the Court should reconsider its order denying their

21  Motion to Dismiss because it is "clear[ly] error[oneous]."  Mot., ECF No. 80, 5-12.

22  Specifically, the State Defendants argue the Court erred by holding Plaintiffs have

23  alleged a violation of a fundamental right and by denying the State Defendants' Motion

24  to Dismiss Plaintiffs' procedural due process claim.

25         Much of the State Defendants' Motion for Reconsideration is simply used "as a

26  tool to reassert previously presented legal arguments or facts." *Harrison*, 1998 WL

27  1166044, at *4.  Those arguments are disregarded here because the State Defendants

28  "cannot now relitigate issues which the Court has already addressed completely." *Id.*

3

1   However, in a separate filing, the State Defendants argue the Ninth Circuit's recent

2   decision in *Tandon v. Newsom*, __ F.3d __, 2021 WL 1185157 (Mar. 30, 2021), requires

3   the Court to revisit its holding that Plaintiffs have stated a claim for violation of their

4   substantive due process rights. *See* Supplemental Document, ECF No. 86.

5          In light of the State Defendants' citation to new legal authority on this issue, the

6   Court exercises its inherent authority to reconsider its previous order. *See LoRusso*, 695

7   F.2d at 53. Having reconsidered the previous order in light of *Tandon*, the Court reaches

8   the same conclusion. The State Defendants' Motion to Dismiss Plaintiffs' substantive

9   due process claim is denied.

10         *Tandon* is procedurally distinguishable, coming before the Ninth Circuit on a

11  motion seeking a preliminary injunction pending appeal and evaluating whether the

12  plaintiffs were likely to succeed on the merits – not whether they have plausibly stated a

13  claim for relief. 2021 WL 1185157, at *11. Moreover, the court did not foreclose the

14  possibility that there is a fundamental right to work, it simply noted that the Ninth Circuit

15  had not yet so held. *Id.* (finding the district court *"likely* did not err in applying rational

16  basis review" but not deciding the question). Based on the foregoing, the Court does not

17  reach a different conclusion with respect to the State Defendants' Motion to Dismiss

18  Plaintiffs' substantive due process claims.

19         The State Defendants' limited argument regarding Plaintiffs' procedural due

20  process claims fares no better. *See* Mot., ECF No. 80, 9-11. These arguments were

21  previously asserted by the State Defendants and rejected – at this juncture – by the Court.

22  *See Harrison*, 1998 WL 1166044, at *4 ("In general, a party may not use a motion for

23  reconsideration simply as a tool to reassert previously presented legal arguments or

24  facts."). Accordingly, the State Defendants' Motion for Reconsideration is denied.

25         **B.    Motions for Interlocutory Appeal**

26         In the alternative, the State Defendants request the Court certify its order for

27  interlocutory appeal. Mot., ECF No. 80, 12-17. The County Defendants also ask the

28  Court to certify two questions for interlocutory review. Mot., ECF No. 81, 2.

To certify an order for interlocutory review, the court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Both the State Defendants and County Defendants assert all three prongs of this test are met. The Court disagrees.

The Ninth Circuit has held that § 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Far from "protracted and expensive," this litigation is straightforward. Adopting Defendants' position here would encourage litigants to precipitously run to an appellate court anytime an unfavorable ruling was handed down. This would have the effect of actually *hindering*, not advancing, "the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court seeks a resolution of this case on its merits, and Defendants' Motions for Interlocutory Review will delay that endeavor. Accordingly, the Motions for Interlocutory Review are denied.

## IV.    CONCLUSION

The Motion for Reconsideration (ECF No. 80) and Motion for Interlocutory Review (ECF No. 81) are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 7, 2021

HON. ROGER T. BENITEZ
United States District Judge

5