UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JD BOLS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California, et al.,<br><br>Defendants. | Case No.: 20-cv-0873-BTM(BLM)<br><br>**ORDER IMPOSING SANCTIONS** |

On August 27, 2021, the Court ordered Plaintiffs to produce the documents identified in section 3a of the parties' Joint Status Report [ECF No. 111]. ECF No. 113. Plaintiffs failed to comply with the Court's order and Plaintiffs' counsel did not file a request for additional time to comply. See Docket.

Despite Plaintiffs' counsel's complete disregard of his own agreement and the Court's order, the Court provided Plaintiffs and counsel with another opportunity to comply with their discovery obligations and the Court's orders and ordered Plaintiffs to produce the documents by September 14, 2021. ECF No. 115. The Court specifically warned Plaintiffs and counsel that if they "fail to produce the documents by the September 14, 2021 deadline, the Court will impose sanctions on Plaintiffs and/or Plaintiffs' counsel." Id. at 1-2. Plaintiffs again failed to comply

with the Court's order and Plaintiffs' counsel again did not file a request for additional time to comply. See Docket.

On September 17, 2021, the Court ordered Plaintiffs and Plaintiffs' counsel to show cause why sanctions should not be imposed for their failures to produce the documents as ordered. ECF No. 116 at 2. The Court advised Plaintiffs and Plaintiffs' counsel that their "repeated failures to comply with Court orders and to produce the requested documents in a timely manner have unreasonably delayed discovery, resulted in unnecessary motion practice, and wasted judicial resources" and that, therefore, the Court was "inclined to impose monetary sanctions against Plaintiffs JD Bols and Amy Mullins-Boychak and Plaintiffs' counsel, Steven Baric." Id. The Court ordered Plaintiffs and Mr. Baric to respond to the OSC and file "declarations signed under the penalty of perjury" explaining "their involvement, or lack thereof, in the violation of the Court's orders" by September 27, 2021. Id. at 2-3. Neither Plaintiffs nor Mr. Baric filed a response or declaration and Mr. Baric did not file a request for additional time to respond. See Docket.

On October 1, 2021, Defendants jointly replied to the Court's order to show cause stating that "Plaintiffs' repeated failures to comply with this Court's Orders (see, ECF 103 and ECF 116), coupled with the recent failure of Plaintiff Bols and his attorney to respond to the County Defendants' Motion for Rule 11 Sanctions (ECF 114), supports the imposition of a terminating sanction in this case." ECF No. 123 at 2.

Defendants' motion for an order recommending terminating sanctions based upon the discovery violations is **DENIED**. The Court has addressed those violations by providing Defendants with additional time to conduct discovery and to file dispositive motions. See ECF Nos. 115, 116, 120 & 121. The Court also declines to recommend terminating sanctions based upon Plaintiffs' and Mr. Baric's repeated failures to comply with this Court's orders. While the Court finds that Plaintiffs and Mr. Baric knowingly and intentionally failed to comply with the Court's orders, the Court finds that these violations, while blatant and disrespectful to the Court, the judicial system, and Defendants, do not warrant the draconian sanction of dismissal of the

case.[1]  See Howard v. Harris, 744 Fed.Appx. 364, 366 (9th Cir. 2018) (citing Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988) ("Dismissal under a court's inherent powers is justified in *extreme circumstances*, in response to abusive litigation practices, and to insure the orderly administration of justice[.]") (emphasis added)); see also Vecron Exim Ltd. V. Clinton Lee Stokes, III, No. CV 17-02944-CAS RAOx, 2018 WL 3830916, at *4 (C.D. Cal. July, 19, 2018) (citing FDIC v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994) (describing dismissal sanction as a "draconian remedy," a "remedy of last resort," and as a "lethal weapon")).

The Court finds that Plaintiffs' and Mr. Baric's repeated violations of this Court's orders once again warrant monetary sanctions as their disregard of the Court's orders and their discovery obligations seriously impacted this case and the judicial process by unreasonably delaying discovery, causing unnecessary motion practice, and wasting judicial resources. Accordingly, the Court sanctions Mr. Bols, Ms. Mullins-Boychak, and Plaintiffs' attorney, Steven Baric $2000 each.  The sanctions must be paid to the Miscellaneous Fines, Penalties and Forfeitures, not Otherwise Classified, fund of the United States Treasury, by **October 15, 2021**. See CivLR 83.1 (Sanctions for Noncompliance with Rules).  Plaintiffs and Mr. Baric must mail their payments to the Clerk of the Court, 333 W Broadway, Ste 420, San Diego, CA 92101 or pay in person at the Clerk's Office on the 4th floor.  Plaintiffs JD Bols and Amy Amy Mullins-Boychak and Plaintiffs' counsel, Mr. Steven Baric, must each file a declaration on or before **October 22, 2021** stating that the sanction payment has been made in accordance with this Order.

**IT IS SO ORDERED**.

Dated:  10/5/2021

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] The Court notes that a motion for sanctions is pending before Judge Moskowitz and the undersigned judge offers no opinion on whether Plaintiffs' and Mr. Baric's repeated violations impact that motion or any other sanctions motion.